Filed 7/26/22  P. v. Tubridy CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ROBERT JOHN TUBRIDY,<br><br>        Defendant and Respondent. | A164016<br><br>(Napa County Super. Ct. No. CR182656) |

MEMORANDUM OPINION[1]

The People appeal from a trial court order terminating the probation of defendant Robert John Tubridy.  Tubridy agreed to a seven-year probation term as part of a plea agreement, but the Legislature subsequently enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (AB 1950), which capped the probation term for his offenses at two years.  The People argue that the court should have permitted them to withdraw from the plea agreement before deeming Tubridy's probation complete based on AB 1950.  We affirm.

In March 2017, Tubridy was charged with various crimes in two separate cases, which were later consolidated.  The underlying facts are not material to the issue before us.  Briefly, however, the first case involved

---

[1] We resolve this case by a memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

allegations that Tubridy attempted to break into a Baskin Robbins store, and the second case involved allegations that he cased and boarded boats docked behind homes along the Napa River.

Tubridy entered a plea agreement under which he pleaded no contest to one count of second degree commercial burglary (Pen. Code, §§ 459, 460)[2] and one count of vandalism over $400 (§ 594, subd. (b)(1)).  He also admitted allegations that he had six prior prison terms (§ 667.5, subd. (b)).  In November 2018, consistent with the plea agreement, the trial court imposed a suspended sentence of nine years, eight months in state prison, and ordered Tubridy to serve one year in county jail followed by a seven-year probation term.

AB 1950 took effect on January 1, 2021.  The legislation amended section 1203.1, subdivision (a), to limit the probation term for felony offenses to two years, with exceptions that do not apply here.  (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m).)  In September 2021, Tubridy moved to shorten his probation term under AB 1950.  Later that month, over the prosecution's objection, the trial court granted the motion and ordered that Tubridy's probation was terminated as of AB 1950's effective date.

On appeal, the People agree that Tubridy is entitled to the retroactive benefit of AB 1950, but they argue that the trial court should have given the prosecution the opportunity to withdraw from the original plea deal before reducing his probation term.  The Courts of Appeal are split on whether the prosecution may withdraw from a negotiated plea when a defendant seeks relief under AB 1950. One panel of the Third District Court of Appeal has concluded that a reviewing court must remand "to allow the trial court and the prosecution the opportunity to withdraw from the original plea

---

[2] All statutory references are to the Penal Code.

agreement." (*People v. Scarano* (2022) 74 Cal.App.5th 993, 1000, review granted June 1, 2022, S273830.) Other courts have disagreed, reasoning that AB 1950, unlike newly enacted laws that confer sentencing discretion on trial courts, amounted to a direct sentence reduction whose legislative purpose would be thwarted by allowing the prosecution to withdraw from the original plea deal. (*People v. Shelly* (July 14, 2022, C094048) __ Cal.App.5th __ [p. 2]; *People v. Flores* (2022) 77 Cal.App.5th 420, 449, review granted June 22, 2022, S274561; *People v. Butler* (2022) 75 Cal.App.5th 216, 222, review granted June 1, 2022, S273773.)[3]

The Supreme Court has granted review in a case that will presumably resolve this split of authority. (*People v. Prudholme* (Aug. 26, 2021, E076007) [nonpub. opn.], review granted Nov. 10, 2021, S271057.) We find *Butler*, *Flores*, and *Shelly* persuasive and need not add to their thoughtful analyses, especially since the Supreme Court has already agreed to resolve the issue. Accordingly, we conclude that the People were not entitled to an opportunity to withdraw from the plea agreement.

The order terminating Tubridy's probation is affirmed.

---

[3] Division Two of this court has likewise held that the prosecution is not entitled to withdraw from the plea agreement before a defendant's probation term is reduced under AB 1950. (*People v. Stewart* (2021) 62 Cal.App.5th 1065, 1079.) The Supreme Court granted review in *Stewart* on June 30, 2021, S268787. On April 20, 2022, the Court transferred the matter back to Division Two with directions to vacate the decision and reconsider it in light of other legislation, providing that the opinion could be cited for potentially persuasive value only.

_____

Humes, P.J.


WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


*People v. Tubridy* A164016

4